IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GARY W. SPEARS, JR.,

                Plaintiff,                                CV-10-3122-PK

        v.                                            OPINION AND ORDER

MICHAEL J. ASTRUE, Commissioner of Social
Security,

                    Defendant.

PAPAK, Magistrate Judge:

      Plaintiff Gary Spears brings this action for judicial review of a final decision of the Commissioner of Social Security denying his applications for disability insurance benefits (DIB) under Title II of the Social Security Act. The court has jurisdiction under 42 U.S.C. § 405(g). The Commissioner's decision is affirmed.

## BACKGROUND

Spears was forty one years old at the time of the administrative hearing. Admin. R. 104.[1] He earned a high school degree and had some vocational training. *Id.* at 114. Spears has worked as a mechanic, salesperson, services manager, and truck broker. *Id.* at 109, 116, 648. Spears alleges disability due to degenerative disk disease of the spine, post thoracic fracture, neuropathy, esophagitis, depression, and anxiety. He filed for disability on March 17, 2004, alleging disability from November 2, 2003. His application was denied initially and on reconsideration. A hearing was held before an Administrative Law Judge (ALJ) on April 16, 2008. The ALJ found Spears satisfied the insured status requirements for a claim under Title II through December 31, 2007. Spears, therefore, must establish that he was disabled on or before that date to prevail on his DIB claim. 42 U.S.C. § 423(a)(1)(A); *Tidwell v. Apfel,* 161 F.3d 599, 601 (9th Cir. 1998). The ALJ issued an opinion on May 20, 2008, finding Spears not disabled, which is the final decision of the Commissioner.

## DISABILITY ANALYSIS

The initial burden of proof rests upon the claimant to establish disability. *Roberts v. Shalala,* 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. §423(d)(1)(A).

The Commissioner has established a sequential process of up to five steps for determining whether a person over the age of 18 is disabled within the meaning of the Act. 20 C.F.R. § 404.1520;

---

[1] Citations to "Admin. R." refer to the page(s) indicated in the official transcript of the administrative record filed with the Commissioner's Answer.

*Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). The ALJ applied the five step disability determination analysis and found at step one that Spears had not engaged in any substantial gainful activity (SGA) from his alleged onset date of November 2, 2003, through his date last insured of December 31, 2007. Admin. R. 36. At step two, he determined that Spears has the medically severe impairments of "compression fractures and wedging at T7-9 with thoracic kyphosis and radiculopathy; degenerative disc disease of the lumbar spine with retrolisthesis at L5-SI; history of left ulnar neuropathy; history of left shoulder rotator cuff tear; and history of Barrett's esophagitis, status post surgery; and neurogenic bladder." *Id.*

The ALJ found at step three that Spears did not have an impairment or combination of impairments that meet or medically equal one of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app.1. *Id.* at 37. The ALJ found Spears had the following residual functional capacity (RFC):

> to lift and carry 20 pounds occasionally and 10 pounds frequently; stand and walk at least six hours in an eight hour workday; sit at least six hours in an eight hour workday; with opportunity to change positions. The claimant was limited to occasional climbing of ladders, ropes and scaffolds; stooping; and overhead reaching above the shoulders. The claimant was to avoid dangerous hazards such as moving machinery.

*Id.* at 37.

The ALJ elicited the testimony of a vocational expert (VE) and found at step four that Spears was capable of performing his past relevant work as a salesperson and as a services manager. *Id.* at 40. The ALJ proceeded to step five and based on the testimony of the VE found there were a significant number of jobs in the national economy that Spears could perform and was therefore not disabled within the meaning of the Social Security Act. *Id.* at 42.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. *Batson v. Commissioner of Soc. Sec. Admin.,* 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence means . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir. 1995).

The ALJ is responsible for "determining credibility, resolving conflicts in the medical testimony, and resolving ambiguities." *Edlund v. Massanari,* 253 F.3d 1152, 1156 (9th Cir. 2001)(citations omitted). Under this standard of review, the court must uphold the Commissioner's findings of fact, provided they are supported by substantial evidence in the record as a whole, including inferences logically flowing from such evidence. *Tommasetti v. Astrue,* 533 F.3d 1035, 1038 (9th Cir. 2008). If the evidence can reasonably support either affirming or reversing the Commissioner's conclusion, the court may not substitute its judgment for that of the Commissioner. *Batson v. Commissioner of Soc. Sec. Admin.,* 359 F.3d at 1193.

## DISCUSSION

Spears alleges the ALJ erred in evaluating his credibility.[2] He contends this error caused the ALJ to err in evaluating the evidence regarding his impairments and the vocational evidence.

---

[2] Spears lists "assignments of error" by the ALJ in his opening brief. These include alleging the ALJ made independent medical findings, and substituted his own opinion for that of the medical sources. Spears' list also includes a failure by the ALJ to properly consider, at step three, whether his impairments equaled a listing in 20 C.F.R. pt. 404, subpt. P, app. 1. However, Spears did not brief any of these allegations nor did he address these issues in his reply brief.

4 - OPINION AND ORDER

## I.    Credibility

Spears does not present any medical opinion regarding his functional limitations.  The court has reviewed the extensive medical record.  The medical opinions in the record regarding his long term ability to work include one from Dr. Gilchrist, a treatment provider, who noted in August 2002 that Spears needed to lose weight and find a job with less lifting.  Admin. R.  500.  The others are from the Drs. Jensen and Kehrli, state agency consultants, who noted in 2005 and 2006 that Spears could do light work with some restrictions on stooping and climbing.  *Id.*  at 417-425.  Spears asserts his pain and other symptoms prevent him from working.

The ALJ must assess the credibility of the claimant regarding the severity of symptoms only if the claimant produces objective medical evidence of an underlying impairment that could reasonably be expected to produce the symptoms.  *Smolen v. Chater*, 80 F.3d 1273, 1281-1282 (9th Cir. 1996).  Spears has medically determinable impairments which could produce some symptoms.  When there is an underlying impairment and no evidence of malingering, an ALJ must provide clear and convincing reasons for discrediting a claimant's testimony regarding the severity of his symptoms.  *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).  The ALJ must make findings that are "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony."  *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995).

When making a credibility evaluation, the ALJ may consider objective medical evidence, work record, treatment history, and any unexplained failure to seek treatment or follow a prescribed course of treatment.  *Smolen v. Chater*, 80 F.3d at 1284.  The ALJ correctly noted Spears' chronic thoracic pain was attributed to a compression fracture in the thoracic spine that

occurred in 1983 or 1984. Admin. R. 38. The ALJ further noted Spears continued to sustain

employment for twenty years following this injury. *Id.* He also noted Spears testified that left

arm and hand numbness symptoms did not prevent him from performing his job in retail sales. *Id.*

at 38, 630. The ALJ noted Spears testified that surgery for his gastroesophageal reflux disease

(GERD) in June 2003 had exacerbated his thoracic spine pain into "attacks" of palpating pain. *Id.*

at 38, 625. However, as noted by the ALJ, Spears surgery was in 2002 and he was able to work

for a year after his pain symptoms were allegedly exacerbated by the GERD surgery. *Id.* at 38.

The ALJ also noted that Spears did not follow up on receiving physical therapy (PT) as

recommended. *Id.* at 40. Spears asserts there is no prescription for PT in the record or note that

it would restore an ability to work. However, the medical record indicates that Dr. Grant, a

specialist, recommended PT in May 2002 and October 2002. *Id.* at 238, 249. In December 2002,

Spears was discharged from the detoxification program at Genesis Recovery with the

recommendation for PT and pain management. *Id.* at 194. His primary care physician, Dr.

Cullen, noted in December 2002 that Spears was to go to aquatic therapy. *Id.* at 444-446. The

record indicates he underwent a PT evaluation in January 2003 for aquatic therapy and was to be

seen twice a week for six weeks. *Id.* at 364-365. After one follow up appointment Spears

cancelled or was a no show. *Id.* at 368-371. Noncompliance with treatment recommendations is

a relevant factor in assessing credibility. *Bunnell v. Sullivan,* 947 F.2d 341, 346 (9th Cir. 1991)(en

banc). *See also,* 20 C.F.R. § 404.1530.

The ALJ may also consider the claimant's daily activities and the observations of

physicians and third parties in a position to have personal knowledge about the claimant's

functional limitations. *Smolen v. Chater,* 80 F. 3d. at 1284. The ALJ noted that Spears reported

to the state agency in 2005 that he was unable to perform any tasks requiring repetitious movement; bending; stooping; bending over to pick up objects; sitting for an extended period of time; lifting more than five pounds; or walking more than twenty-five feet. Admin. R. 39, 127-132. The ALJ noted Spears' mother stated Spears was unable to do anything but listen to music due to his severe pain. *Id.* at 39.

However, the ALJ noted that between January 2004 and August 2006, Spears was reported working with plumbing fixtures; sustaining injuries after working with soldering (repairing a light fixture); taking a misstep from a ladder; being electrocuted while working on an automobile; cleaning out a garage; traveling back and forth to Germany for alternative treatments; and hooking up a washer and dryer. *Id.* at 39, 304-305, 330-331, 337-339, 355-357, 394-397,433-435. Spears stated in 2005 that he followed an exercise program developed by his seventeen year old son which included walking an hour per day, abdominal crunches, core strength training, and working with an exercise ball. *Id.* at 399. If a claimant's level and type of activity is inconsistent with his claimed limitations, those activities have a bearing on his credibility. *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989).

The ALJ noted the abdominal crunches would directly involve repeated manipulation of his thoracic spine and traveling to Germany would require extensive sitting. Admin. R. 39. The ability to sustain extended traveling can be inconsistent with claims of disability, particularly when prolonged sitting is alleged to be painful. *Tommasetti v. Astrue,* 553 F.3d at 1040. The ALJ found these "discrepancies and apparent exaggerations" raised serious questions regarding Spears' credibility. Evidence of exaggeration is a legitimate credibility factor. *Tonapetyan v. Halter,* 242 F.3d 1144, 1148 (9th Cir. 2001).

The ALJ may also employ ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning his symptoms, and other statements by the claimant that appear to be less than candid. *Smolen v. Chater*, 80 F. 3d at 1284. The ALJ noted inconsistencies in Spears' testimony and in his reports to treatment providers. Spears asserts that some of his misstatements were due to faulty memory, especially regarding the date of his GERD surgery, although that is the event he contends made him disabled by pain. The ALJ further noted that Spears denied to his treatment providers any history or use of alcohol or illegal drugs. Admin. R. 38. The record shows Spears consistently told his medical providers that he had never abused alcohol or illegal drugs, although he told some providers that he had used some marijuana in the 1980's. *Id.* at 247, 278, 337, 406, 444. The ALJ noted that the record from the Genesis Recovery Center indicates a positive drug screen test for marijuana and that his detoxification included alcohol abuse. *Id.* at 38, 179, 223. The record from Genesis also noted previous court ordered treatment for drug use. *Id.* at 182. Spears asserts the alcohol abuse note was a typographical error and indeed that may be so. Spears asserts that the positive test for marijuana was an anomaly. However, there is only one drug screen test in the record and it is positive for marijuana.

The ALJ noted the previous inconsistencies regarding Spears' reports of drug use made some of his subsequent behavior appear to be "drug seeking" behavior. The ALJ noted that after Spears' detoxification program he did not limit his drug use to his prescribed medications or injections provided by his treating physicians. Instead, Spears made frequent visits to emergency rooms where he received injections of opiates or narcotics. *Id.* at 40, 304, 307, 309, 311, 313-314, 316, 321, 326-327, 331, 335, 338, 341, 344, 346, 349-350, 356, 359. In fact, Spears'

treatment providers and emergency room staff spoke to him about this pattern. *Id.* at 308-309, 334-336, 404. In November 2004, Dr. Urbanski, an emergency room physician, believed Spears was suffering from polydrug withdrawal and contacted his treatment providers. *Id.* at 320-321. Drug seeking behavior may be considered when determining credibility. *Lewis v. Astrue,* 498 F.3d 909, 910 (9th Cir. 2007).

The ALJ found that Spears's medical records did not support the degree of alleged limitation he claimed. He also noted Spears' inconsistent statements, exaggerations, and failure to follow treatment recommendations. The ALJ considered Spears' level of activity and travel inconsistent with his claims. He also considered Spears work history and treatment. The ALJ considered appropriate factors and drew reasonable inferences from substantial evidence in the record in assessing Spears' credibility. The ALJ's interpretation is not irrational and is therefore upheld. *Batson v. Commissioner of Soc. Sec. Admin.,* 359 F.3d at 1193; *Andrews v. Shalala*, 53 F.3d at 1039-1040.

The ALJ properly assessed Spears' RFC. He found Spears had severe impairments and limited him to light work with restrictions. The ALJ evaluated the medical evidence and reached conclusions based on substantial evidence in the record. He assessed Spears' credibility and drew reasonable inferences regarding the severity of his impairments. The ALJ's determination of Spears' RFC is supported by substantial evidence in the record.

## II.    Vocational Evidence

Spears contends the ALJ erred at steps four and five of the decision-making process by relying on faulty vocational evidence. The ALJ found Spears could perform his past relevant work as a salesperson and services manager and, although not required to do so, made a step five

finding that there were other jobs in the national economy that Spears could perform. At step five, the Commissioner must show that significant numbers of jobs exist which the claimant can perform. *Andrews v. Shalala*, 53 F.3d at 1043. An ALJ can satisfy this burden by eliciting the testimony of a vocational expert (VE) with a hypothetical question that sets forth all the limitations of the claimant supported by the record. *Id.; Osenbrock v. Apfel*, 240 F.3d 1157, 1162 - 1163 (9th Cir. 2001).

Spears contends the ALJ's conclusion is erroneous because he elicited testimony from the VE with hypothetical questions that did not contain all of his pain limitations. As described above, the ALJ did not find these limitations credible. An ALJ is not required to incorporate limitations into an RFC or hypothetical based on evidence that he properly discounted. *Batson v. Commissioner of Soc. Sec. Admin.,* 359 F.3d at 1197; *Osenbrock v. Apfel,* 240 F.3d at 1164-1165.

The VE testified that Spears could perform his past relevant work as a sales person and services manager and that a significant number of additional jobs exist in the national economy that Spears can perform. Admin. R. 648-649. The ALJ's conclusion that Spears is able to perform some work and is not disabled is supported by substantial evidence and free of legal error.

## **CONCLUSION**

Based on the foregoing, the ALJ's decision that Spears does not suffer from a disability within the meaning of the Social Security Act is based on correct legal standards and supported by substantial evidence.  The Commissioner's final decision is affirmed.


IT IS SO ORDERED.

DATED this 26th day of October, 2011.



Paul J. Papak

United States Magistrate Judge